**STATE of Missouri, Respondent,**

v.

**Vernon WINEGARNER, Appellant.**

No. 24676.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 7, 2002.

Irene Karns, Assistant Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

A jury convicted Vernon Winegarner (Defendant) of the class A felony of statutory rape, § 566.032.[1] He was sentenced to twenty years' imprisonment in the Department of Corrections. His only point on appeal alleges the trial court erred in ruling that the victim, D.L.,[2] was unavailable to testify under § 491.075. We affirm.

Viewed in the light most favorable to the verdict, *State v. Kelley,* 945 S.W.2d 611, 613 (Mo.App.1997), the following evidence was adduced at trial. Cap Lassen (Father) and Kristina Huisinger (Mother) began leaving their two-and-one-half-year-old daughter, D.L., with Mother's sister, Angela Huisinger. Ms. Huisinger babysat her niece, D.L., while Father and Mother were at work. Ms. Huisinger lived at her mother's house with her mother and Defendant, who was her boyfriend. Occasionally, Ms. Huisinger left D.L. in the care of Defendant.

In December 2000 or January 2001, D.L. told Mother that Defendant "hurt her butt." Mother assumed that Defendant had spanked D.L. because she had been in the Defendant's presence a few days before. Father and Mother were not happy with Defendant disciplining D.L. Eventually, they told Ms. Huisinger that they did not want Defendant to be alone with D.L.

In February 2001, while Mother was giving D.L. a bath, she observed D.L. touching her vagina. Mother asked D.L. who showed her how to do that, and D.L. responded that Defendant had. This comment led Mother to believe that when D.L. stated that Defendant "hurt her butt," D.L. was actually referring to her vagina. Following this exchange, Mother and Father contacted the police.

The police arranged for a SAFE[3] exam to be performed on D.L. The examiner observed tearing of D.L.'s hymen tissue. This observation led the examiner to classify D.L.'s hymen as abnormal.

Police officers investigated the complaint filed by Mother and Father against Defendant. In the course of their investigation, they learned that a warrant was

---

1. Statutory references are to RSMo 2000, unless otherwise indicated.

2. We use the initials of the victim to protect her identity.

3. SAFE is an acronym for Sexual Assault Forensic Examination.

outstanding for Defendant's arrest. Defendant was taken into custody. Defendant waived his *Miranda*[4] rights and agreed to talk with police. Defendant told officers that on several occasions while D.L. was on the "potty" he had touched her vagina and had inserted two fingers into her vagina. Defendant also told officers in graphic detail that on two separate occasions he had masturbated and then inserted his penis into her vagina.

Following Defendant's interview with police, an investigator with the Division of Family Services also interviewed Defendant. He acknowledged that he had twice inserted his penis into D.L.'s vagina. He also told the investigator that afterwards he felt like a different person and "felt so bad afterwards that he cried and put himself in a corner."

At trial, Defendant testified that he did not sexually abuse D.L. He explained that he made up his confession because he was intimidated by the police officers. He also stated that he knew Ms. Huisinger's family did not like him and thought the accusation was an attempt to end his relationship with Ms. Huisinger.

Defendant's sole point on appeal claims the trial court erred in admitting the hearsay statements of D.L. because the State did not show that D.L. was physically or legally unavailable to testify as required by § 491.075, in that there was no evidence adduced to support the trial court's conclusion that testifying would cause D.L. significant emotional or psychological trauma.

■ Our review of the trial court's decision to admit the victim's out-of-court statements is limited to a determination of whether the decision amounted to an abuse of discretion. *State v. Redman,* 916 S.W.2d 787, 792 (Mo. banc 1996).

■ The trial court held a pretrial hearing pursuant to § 491.075 to determine whether D.L. was unavailable under § 491.075.1(2)(c). The trial court found that although D.L. was physically available as a witness, she could not testify because significant emotional or psychological trauma would result from testifying in the presence of Defendant. This finding under der § 491.075 allowed the State to introduce hearsay evidence. Specifically, the trial court allowed Mother to testify about D.L.'s out-of-court statements concerning Defendant's sexual acts involving her. Assuming, without deciding, Defendant is correct in his allegation that the trial court erred, we find the error was harmless.

" 'The admission of evidence claimed to be hearsay is reversible error only if the complaining party is prejudiced.' " *Ozark Appraisal Serv., Inc. v. Neale,* 67 S.W.3d 759, 767 (Mo.App.2002) (quoting *City of Rolla v. Armaly,* 985 S.W.2d 419, 424 (Mo. App.1999)). "A complaining party cannot be prejudiced by the introduction of challenged evidence where that evidence is merely cumulative to other admitted evidence of like tenor." *Id.* Here, the jury heard testimony that Defendant had confessed twice on two separate occasions to two different individuals. Thus, even if Mother's testimony of D.L.'s statements was erroneously admitted, it was merely cumulative of properly admitted testimony. We believe that excluding Mother's hearsay testimony would not have changed the verdict in view of the strong evidence of guilt. In other words, Defendant has failed to show that this alleged error prejudiced him. Although he recanted his confessions at trial, the jury was free to believe or disbelieve all, part, or none of his

**4.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

testimony. *State v. Mayes*, 63 S.W.3d 615, 631 (Mo. banc 2001). Point denied.

The trial court's judgment is affirmed.

GARRISON, J., and BARNEY, J., concur.

