Robert E. CRAWFORD, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25290.

Missouri Court of Appeals, Southern District, Division Two.

June 5, 2003.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Robert E. Crawford ("Movant") was convicted by a jury of statutory rape in the second degree and sentenced to a term of four years imprisonment within the Missouri Department of Corrections. Movant filed an amended Rule 29.15 [1] motion, contending he was denied effective assistance of counsel because his appellate counsel failed to appeal the trial court's admission of an edited videotape of an interview with Movant when he was arrested. The motion court denied Movant's motion without an evidentiary hearing, which Movant now argues was clearly error. We affirm the motion court's denial of the motion.

The issue, as framed by Movant in his point relied on, is not whether Movant is entitled to relief, but rather, whether the motion court erred in refusing to grant Movant an evidentiary hearing on his Rule 29.15 motion. Review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A motion court's determinations will be found to be clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite impression that a mistake has been made. *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000). In our review, we note that the

---

**1.** All rule references are to Supreme Court Rules (2002), unless otherwise indicated.

motion court's findings are presumptively correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

■ Rule 29.15(h) provides: "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." In order for a movant to be entitled to an evidentiary hearing, the motion: (1) must allege facts, rather than conclusions, warranting relief; (2) the facts must raise matters not refuted by the files and records in the case; and (3) the matters raised must have resulted in prejudice to the movant. *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997). To obtain an evidentiary hearing for claims related to ineffective assistance of counsel, "the movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced." *Id.* The motion court may properly deny the motion without an evidentiary hearing if the movant's motion fails to satisfy all of these requirements. *State v. Jones,* 979 S.W.2d 171, 180 (Mo. banc 1998).

Movant was charged with the statutory rape of K.R., a fifteen-year-old girl, who was Movant's neighbor. In February 1999, K.R. and Movant engaged in sexual activities on at least two occasions. Movant was arrested by Detective Darren Gallup ("Gallup") and transported to the Joplin police station. Upon arriving at the police station, Gallup took Movant to an interview room and read Movant his *Miranda* rights[2]. After Movant signed a waiver of his *Miranda* rights, Gallup conducted a videotaped interview with Movant in which Movant confessed to having sexual intercourse with K.R., and that his date of birth was August 24, 1949.

Prior to trial, Movant's counsel filed a motion to suppress Movant's statements to the police. Movant argued, in part, that his statements were involuntary because Movant specifically declined to give a videotaped or audiotaped statement, stated that he wanted an attorney before giving a taped statement, and believed his statements were not being taped. At the suppression hearing, Gallup testified that he read Movant his rights, Movant signed a waiver of those rights, and then agreed to talk to Gallup. According to Gallup, normally the entire interview with a suspect is not videotaped, rather, only the portion of the interview in which the suspect admits to the offense is taped. Gallup stated that after Movant admitted to having engaged in sexual intercourse with K.R., Gallup told Movant "we were going to get his statement on tape now." Gallup then left the room and turned on the video recorder. When Gallup returned to the interview room, he turned on the audiotape recorder within Movant's view.

A social service worker with the Division of Family Services, Diane White ("White"), who was present during Gallup's interview with Movant, testified at the suppression hearing that she knew the interview was being audiotaped; however, she was not aware that it was being videotaped. White further recalled Gallup stating to Movant: "I can promise you it has not been taped." Movant, who also testified at the suppression hearing, stated that he did not consent to the taping of the interview and told Gallup before the interview that he would not participate in a taped interview without an attorney present.

During the videotaped portion of the interview, the following exchange took place between Movant and Gallup:

---

**2.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[Movant]: What was that, what was that you said?

[Gallup]: I said go ahead Jeff.

[Movant]: Who's that?

[Gallup]: Jeff is my Sergeant outside.

[Movant]: Oh, he's, he's been taping this whole thing.

[Gallup]: Well, I can promise you he's not.

[Movant]: Well your promises don't mean nothing, you

promised me (unintelligible) if anybody ever asked her she did deny it and uh, protect me and look where I'm at now, so, I mean, promises don't me [sic] nothing.

[Gallup]: Now uh, who's promised you anything? Who's promised you anything, anybody make any promises to you?

[Movant]: No so far you could have been taping the whole thing against me from out there.

[Gallup]: Well I can tell you its not, it hasn't taped, okay? Uh, and Diane [White] hasn't made any promises to you.

[Movant]: mmm.

[Gallup]: There is no promises being made.

[Movant]: I know there isn't been no promises been made.

During the videotaped interview, Movant denied requesting an attorney at anytime after coming into contact with Gallup. Movant specifically stated: "No I haven't asked to stop answering any questions, I haven't asked to uh, change the subject, I haven't asked to uh have an attorney, I haven't asked to uh, verify anything. I've been basically trying to cooperate with you on a situation that I understand fully[.]"

The court overruled the motion to suppress the videotape of Movant's state-ments to Gallup. Pursuant to the court's order, the videotape was edited prior to trial. The case was tried on February 10, 2000 before a jury. The edited version of Movant's videotaped interview was played for the jury over defense counsel's objection. The jury returned a verdict of guilty, and on March 6, 2000, Movant was sentenced to four years imprisonment.

Movant appealed his conviction, contending (1) the state failed to prove his guilt of the crime of statutory rape in the second degree because the state failed to prove Movant's age "without reference to [Movant's videotaped] statement as to his age, which was inadmissible for this purpose, since the corpus delicti ... had not been established," and (2) the trial court erred in sustaining the state's objection to Movant's closing argument. This court affirmed Movant's conviction in *State v. Crawford,* 32 S.W.3d 201 (Mo.App. S.D. 2000).

On February 28, 2001, Movant filed a *pro se* Rule 29.15 motion. On May 7, 2001, Movant's appointed counsel filed an amended Rule 29.15 motion claiming "[a]ppellate counsel failed to raise on appeal the trial court's error in admitting into evidence an edited version of the videotaped statement made by movant on the date of his arrest." The motion states that at the suppression hearing, Movant testified that he "would not take on a taped interview without a[n] attorney present;" however, police officers continued to interrogate Movant and tape Movant's statements. On October 15, 2002, the motion court denied Movant an evidentiary hearing and entered findings of fact and conclusions of law denying Movant's motion for post-conviction relief. The motion court stated that "[t]he only evidence submitted by Movant was the deposition of Movant and asking the court to take judicial notice of the underlying criminal case." The motion

court found that "[n]o showing of any kind was made that if appellate counsel had raised the point on appeal that it would have required reversal by the Court of Appeals."

The trial court properly ruled upon Movant's motion without an evidentiary hearing because the allegations in the motion are rebutted by the videotape in the record. Movant's sole point is that the interview continued even though he insisted that he would not have given a taped interview without the assistance of counsel. The pled fact is rebutted by Movant's own statements in the record. The motion court properly denied Movant's claim without an evidentiary hearing.

The judgment of the motion court denying Movant's Rule 29.15 motion without an evidentiary hearing is affirmed.

PREWITT, P.J., and PARRISH, J., concur.