Scott E. BRYAN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25830.

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 2004.

Mark A. Grothoff, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

After a jury trial, Scott E. Bryan ("Bryan") was convicted of two counts of kidnapping, one count of attempted forcible sodomy and three counts of assault in the second degree. He was sentenced to a total of 25 years imprisonment. In *State v. Bryan*, 60 S.W.3d 713 (Mo.App.2001), this Court affirmed the judgment of convictions and sentences in Bryan's direct

appeal.[1] Thereafter, Bryan filed a timely motion for post-conviction relief pursuant to Rule 29.15.[2] Counsel was appointed to represent Bryan, and an amended motion was filed. The amended motion alleged that, for various reasons, Bryan was provided with ineffective assistance by his appellate and trial counsel. The amended motion was denied without an evidentiary hearing for reasons articulated in the trial court's required findings of fact and conclusions of law. *See* Rule 29.15(j).

Bryan has appealed, presenting two points for us to decide. In Point I, Bryan contends his appellate counsel provided ineffective assistance during the direct appeal by failing to challenge hearsay testimony given by a police officer. In Point II, Bryan contends his trial counsel provided ineffective assistance by failing to give Bryan adequate advice about his case, thereby causing him to reject a plea offer from the State. Bryan argues that the trial court erred in dismissing Bryan's Rule 29.15 motion without conducting an evidentiary hearing on these two claims. We affirm.

## Standard of Review

Our review of the denial of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Findings of fact and conclusions of law are clearly erroneous only when, after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996). The motion

court's findings are presumptively correct. *Crawford v. State*, 105 S.W.3d 926, 927–28 (Mo.App.2003); *Kates v. State*, 79 S.W.3d 922, 924 (Mo.App.2002).

The real issue presented by Bryan's appeal is whether the trial court erred in refusing to grant him an evidentiary hearing on the above-described claims, not whether he is actually entitled to relief. *See Masden v. State*, 62 S.W.3d 661, 664–65 (Mo.App.2001). "To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). Thus, if the files and records of the case conclusively show that Bryan is not entitled to any relief, no evidentiary hearing is required. Rule 29.15(h); *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997).

In *State v. Bryan, supra,* we set forth in detail the underlying facts which resulted in Bryan's aforementioned convictions. Therefore, in this opinion, we will recount only the facts relevant to the issues presented in this second appeal.

## Discussion and Decision

Bryan's Rule 29.15 motion alleged ineffective assistance by his appellate and trial counsel. The burden of proving these claims rests on Bryan. Rule 29.15(i). To establish ineffective assistance of counsel, Bryan must show that: (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably

---

**1.** We did, however, remand the case with directions to correct the judgment and sentence as to Count III to reflect that Bryan had been convicted of attempted forcible sodomy, not forcible sodomy. *Id.* at 720.

**2.** All references to rules are to the Missouri Rules of Criminal Procedure (2004) unless otherwise indicated.

competent attorney; and (2) counsel's poor performance prejudiced the defense. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). In order to establish prejudice, Bryan must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Bryan must prove each portion of this two-pronged performance and prejudice test in order to prevail on his ineffective assistance of counsel claim:

> A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so.

*Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (italics in original). This brief review of the controlling law affords a proper backdrop against which to begin our consideration of the specific issues raised by Bryan's two points relied on.

### Point I—Ineffective Assistance of Appellate Counsel

Bryan's first point asserts that his appellate counsel was ineffective for failing on direct appeal to challenge certain trial testimony given by a police officer. Bryan claims the officer's testimony was inadmissible hearsay. His contention is based on the following facts.

At trial, Bryan's two victims, William DeLong ("DeLong") and Phillip Smith ("Smith"), each testified that they were forced into Bryan's apartment against their will. While there, they were physically and sexually assaulted by Bryan and others for a number of hours. During the physical assaults, they were beaten with belts, hit with pool cues, threatened with a knife, sprayed on the buttocks with a large water cannon, threatened with what appeared to be a pistol, burned with hot candle wax and cigarettes, tortured by having a C-clamp tightened on their legs, beaten with fists, and kicked with steel-toed boots. During the sexual assaults, DeLong and Smith had K–Y jelly smeared on their ears, lips and rectums. Thereafter, Bryan placed his penis in or on those locations. He also pressed the water cannon against or into their rectums while spraying water from this device.

After DeLong and Smith testified, the State called Springfield Police Officer Brian Phillips ("Officer Phillips") as a witness. Officer Phillips interviewed Smith at the hospital shortly after he escaped from Bryan. Over the hearsay objection of Bryan's trial counsel, Officer Phillips was permitted to testify that, during the interview, he received the following information from Smith: (1) he had been forcibly taken into an apartment and assaulted physically and sexually for about five hours along with another young man; (2) the objects used to physically assault Smith included two belts, two pool cues, a knife, a large Super Soaker water cannon, a pistol, hot candle wax, a C-clamp, and steel-toed boots; and (3) the items used to sexually assault Smith included the Super Soaker water cannon and some K–Y lubricant. Officer Phillips relayed this information to other investigating officers, resulting in a warrant being issued to search Bryan's apartment. During the execution of this search warrant, every one of the objects mentioned in Officer Phillips' testimony

was recovered.[3]

In Bryan's amended Rule 29.15 motion, he alleged that his appellate counsel was ineffective for failing to assert trial court error in overruling the hearsay objection to Officer Phillips' trial testimony. As noted, the trial court concluded that no evidentiary hearing was needed to address this purely legal issue. Relief was denied for two reasons: (1) Officer Phillips' testimony was not hearsay because it was offered to explain subsequent police conduct; and (2) even if the testimony was hearsay, there was no prejudice because "[t]he details of all the acts and the items used in the alleged acts had already been placed before the jury."

The standard for proving ineffective assistance of appellate counsel is a high one. *Middleton v. State,* 80 S.W.3d 799, 808–09 (Mo. banc 2002). Counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *State v. Jones,* 979 S.W.2d 171, 180 (Mo. banc 1998). "To support a Rule 29.15 motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that appellate counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Parham v. State,* 77 S.W.3d 104, 106 (Mo.App.2002). Thus, to demonstrate prejudice due to ineffective assistance of appellate counsel, a movant must show a reasonable probability that, but for counsel's unreasonable failure to raise the issue, the movant would have prevailed on his appeal. *Neely v. State,* 117 S.W.3d 731, 735 (Mo.App.2003).

The allegations in Bryan's motion concerning his appellate counsel fail to meet these standards. The trial court found there was no error in admitting Officer Phillips' testimony because "[t]he questions that were asked of Officer Phillips were asked in the context of information relayed to other officers as to what might be relevant to search and seize as part of the investigation." After reviewing the transcript, we agree with the trial court's characterization of the purpose for which this testimony was admitted. Accordingly, Officer Phillips' testimony was not hearsay because it was not being offered for the truth of the matter asserted. *See State v. Edwards,* 116 S.W.3d 511, 533 (Mo. banc 2003) (officers' testimony about statements made by non-testifying co-defendant were admitted in murder trial for the limited purpose of showing officers' subsequent conduct and not for the truth of the matters stated, in that this testimony explained why the officers went to the deserted house where they found the murder weapon); *State v. Baker,* 23 S.W.3d 702, 715–16 (Mo.App.2000) (officers' testimony that victim told them she was having sexual relations with certain persons, which was offered to show why the officers initiated their investigation, was not inadmissible hearsay because it explained subsequent police conduct and supplied background and continuity). We also agree with the trial court's conclusion that, even if Officer Phillips' testimony was erroneously admitted, the error was not prejudicial because the jury had already heard this same information directly from the testimony of DeLong and Smith. Therefore, Bryan was not prejudiced by the admission of wholly cumulative testimony

---

**3.** The "pistol" which DeLong and Smith had described turned out to be a large knife equipped with a pistol-type handle.

from Officer Phillips. *See State v. Winegarner*, 87 S.W.3d 923, 925 (Mo.App.2002) (complaining party cannot be prejudiced by the introduction of challenged hearsay evidence when that evidence is merely cumulative to other admitted evidence of like tenor).

Had appellate counsel raised this issue in Bryan's direct appeal, the result would not have changed. Since the admission of Officer Phillips' testimony was either proper or at most harmless error, we would not have reversed Bryan's conviction on this ground. Therefore, his appellate counsel was not ineffective for failing to raise this meritless issue. *See Hall v. State*, 16 S.W.3d 582, 588 (Mo. banc 2000); *Neely*, 117 S.W.3d at 737–38.

The trial court's findings of fact and conclusions of law concerning the allegations about appellate counsel in Bryan's 29.15 motion are not clearly erroneous. No evidentiary hearing was required because the files and records in this case conclusively show that Bryan is not entitled to relief based on his claim of ineffective assistance by his appellate counsel. Bryan's first point is denied.

### Point II—Ineffective Assistance of Trial Counsel

In Bryan's second point, he argues his trial counsel provided ineffective assistance by failing to give Bryan adequate advice about his case, thereby causing him to reject a plea offer from the State more favorable than the sentences he eventually received after trial.[4] The relevant facts are set forth below.

Before the commencement of *voir dire*, a record was made of the plea negotiations that had taken place. The State initially offered to dismiss the sodomy charges and to accept pleas of 12 years on each kidnapping count and 5 years on each assault count with all sentences to run concurrently. Bryan rejected this offer. Prior to taking the depositions of DeLong and Smith, the State reextended the same offer, except that the proposed sentences for the kidnapping counts were reduced to seven years. Bryan rejected this second offer. After the victims had been deposed, the State withdrew its reduced offer and reinstated the original plea offer for a second time. Bryan rejected this offer again. The following colloquy then occurred between the trial court and Bryan:

> THE COURT: Mr. Bryan, you still want to reject any offers from the state and go forward with your jury trial?
>
> DEFENDANT BRYAN: Yeah.

■ Bryan claims he rejected all of these plea offers from the State because trial counsel failed to give adequate advice about the case. To review this aspect of Bryan's motion, the trial court applied the standards governing an attempt to set aside a guilty plea pursuant to Rule 24.035, even though Bryan had not pled guilty. After conducting this type of review, the trial court denied this portion of the motion without an evidentiary hearing.

As is apparent from this summary of the facts, Bryan's second point does not speci-

---

4. Bryan's motion states: "Trial counsel unreasonably advised movant regarding his chances at trial on the sodomy charges, failed to adequately explain that circumstances showing the alleged victims came to movant's apartment on their own accord and at some point could have got away did not provide a defense to the kidnapping charge, failed to advise movant the state could amend the kidnapping charges at any time to make them easier convictions, and failed to adequately inform movant prior to the July 26, 2000 deposition of Phillip Smith that the entirety of the examination the jury would see would be an inadequate one the next day."

fy in any way how trial counsel's alleged inactions affecting plea negotiations caused the actual trial to be unfair. Rather, the complaint is that the alleged lack of advice from trial counsel deprived Bryan of an opportunity to bring plea negotiations to fruition and obtain a shorter sentence. We do not reach the merits of Bryan's second point in this appeal because the error asserted therein is not cognizable by us in reviewing the trial court's ruling on a Rule 29.15 motion.

When considering motions for post-conviction relief due to ineffective assistance of counsel, Missouri follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Deck v. State*, 68 S.W.3d 418, 427 (Mo. banc 2002). In *Strickland*, the United States Supreme Court held that "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland*, 466 U.S. at 684, 104 S.Ct. 2052. Accordingly, the assessment of whether counsel was ineffective focuses on whether *the trial itself* was unfair: "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052. The narrow scope of the permissible examination is further illustrated by the Court's statement that prejudice does not exist without a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. For this reason, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, 104 S.Ct. 2052. The Court summed

up the ultimate test this way: "The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.

As this review of *Strickland* demonstrates, the Sixth Amendment guarantee of effective assistance of counsel generally is not implicated unless counsel's challenged conduct had some effect on the reliability of the trial process. *See Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Missouri appellate courts have so interpreted *Strickland* in a number of prior decisions involving ineffective assistance of counsel claims presented in Rule 29.15 motions. Review of such claims is limited to a consideration of errors which deprived the movant of a fair trial. *See, e.g., Warren v. State*, 2 S.W.3d 128, 130 (Mo.App.1999); *Garrison v. State*, 992 S.W.2d 898, 901 (Mo.App.1999); *Fears v. State*, 991 S.W.2d 190, 190 (Mo.App.1999); *State v. Link*, 965 S.W.2d 906, 912 (Mo.App.1998); *State v. Thompson*, 955 S.W.2d 828, 831 (Mo.App. 1997); *State v. Loazia*, 829 S.W.2d 558, 570 (Mo.App.1992).

Bryan's second point concerns an alleged error which, on its face, did not deprive him of a fair trial. The absence of this alleged "error" would not have caused the jury in Bryan's case to have a reasonable doubt about his guilt. Instead, the complaint that he was deprived of an opportunity to plead guilty tends to support the jury's determination that he was guilty of the offenses charged.

Absent a factual allegation by Bryan articulating how the trial he received was rendered unfair by trial coun-

sel's conduct, this aspect of his ineffective assistance claim presents nothing for us to review. The law is clear that negotiations which do not result in a guilty plea, and a resultant embodiment of that plea in the court's judgment, do not implicate any constitutionally-protected rights or liberty interests. *See Mabry v. Johnson,* 467 U.S. 504, 507, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984) (plea bargain standing alone is of no constitutional significance); *Griffith v. State,* 845 S.W.2d 684, 688 (Mo.App.1993) (movant's inability to enforce plea offer, which had been withdrawn, was without constitutional significance); *Stokes v. State,* 688 S.W.2d 19, 22 (Mo.App.1985) (prosecutor's withdrawal of plea offer triggered no constitutionally-protected rights or liberty interests). We applied these principles in our recent decision in *Rowland v. State,* 129 S.W.3d 507 (Mo.App. 2004), which is dispositive of Bryan's second point on appeal.

Rowland was convicted of possession of methamphetamine with intent to distribute. In a post-conviction proceeding, he alleged ineffective assistance of trial counsel in the form of erroneous advice which caused him to decline a plea offer significantly better than the sentence he received after conviction. We held this alleged error was not cognizable in a Rule 29.15 proceeding:

> Movant does not distinguish between convictions based on pleas of guilty and convictions following trial. Movant did not plead guilty. He did not accept the state's offer. A failed plea negotiation is a non sequitur. Unless and until a plea agreement is reached and embodied in the judgment of a court, nothing has

occurred that is of constitutional significance. Failed negotiations do not implicate the constitution. It is an ensuing plea of guilty that implicates the constitution. Movant makes no complaint about the fairness of his trial. His complaint is that the conviction and sentence he received were less favorable than a negotiated plea offer he turned down prior to trial. Movant's argument that his conviction is tainted by reason of his refusing a tendered plea of guilty prior to trial on the basis of misunderstanding is of no consequence. A defendant in a criminal case has no right to a plea agreement. Rule 29.15 affords movant no basis for relief from movant's decision not to plead guilty.

*Id.* at 510–11 (citations omitted).

■■■ We reach the same conclusion here. In reviewing an ineffective assistance of counsel claim asserted in a Rule 29.15 motion, our role is to determine whether, with counsel's assistance, the movant received the fair trial which he or she is constitutionally guaranteed. *See Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Viewed from this perspective, it becomes immediately clear that Rule 29.15 provides no proper or effective remedy for the error about which Bryan complains.

If we ruled in Bryan's favor on this point, the only relief we could grant is to vacate the judgment and remand the case for a new trial. *See* Rule 29.15(j).[5] This is not a proper remedy in light of our conclusion, both on direct appeal and in this proceeding for post-conviction relief, that Bryan's first trial was fair. One fair trial

---

5. This subsection of the rule states, in pertinent part: "If the court finds that ... there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate."

is all the Constitution requires. The trial court recognized in its findings that Bryan was seeking to blame trial counsel for Bryan's decision not to accept a plea offer which, "in retrospect, sounds considerably better than it apparently had at the time it was made." The court concluded that Bryan "took a calculated risk and lost." We agree. Granting Bryan a new trial would reward him for rejecting a plea offer and standing trial by allowing him to escape the consequences of that decision. We are loath to take any action which implicitly approves and encourages such behavior.

A second difficulty is that Bryan contends he was denied the opportunity to plead guilty on terms he now finds acceptable. Remanding the case would be an ineffective remedy since we have no power to require the State to reinstate any of the various plea offers which Bryan previously turned down. *See State v. Eckelkamp*, 133 S.W.3d 72 (Mo.App. E.D. 2004) (the trial court lacked the authority to order a prosecuting attorney to engage in plea negotiations with an assistant public defender). Assuming we reversed the trial court's decision and remanded the case, the State could simply refuse to offer Bryan any plea agreement, and he would have to be retried. Such a retrial would be inappropriate for all of the reasons discussed in the preceding paragraph.

In conclusion, the trial court decided Bryan was not entitled to post-conviction relief on the ground that he rejected a plea offer due to bad advice from his trial counsel. We reach the same conclusion, though for different reasons than those advanced by the trial court. No evidentiary hearing on this contention was required because the files and records in the case conclusively establish that Bryan is not entitled to relief based on this ground in his motion. Therefore, the trial court's

decision to deny relief was not clearly erroneous. Bryan's second point is denied.

Bryan's Rule 29.15 motion did not plead facts warranting post-conviction relief, and no evidentiary hearing was required to properly rule on any of the allegations contained therein. The trial court's order dismissing the motion is affirmed.

PARRISH, J., and SHRUM, J., concur.