IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 31 2007

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )    2 CA-CR 2006-0336-PR
                Respondent,      )    DEPARTMENT A
                                )
        v.                      )    O P I N I O N
                                )
RACHEL MARIE VALLEJO,           )
                                )
                Petitioner.     )
                                )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20034144

Honorable Virginia C. Kelly, Judge

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis                                             Tucson
                                                   Attorneys for Respondent

Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                       Tucson
                                                   Attorneys for Petitioner

P E L A N D E R, Chief Judge.

¶1        After a jury trial, petitioner Rachel Marie Vallejo was convicted of aggravated assault with a dangerous instrument, a barbell. The trial court sentenced her to a mitigated, five-year prison term. After counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969); and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999), this court affirmed the conviction and the sentence imposed. *State v. Vallejo*, No. 2 CA-CR 2004-0291 (memorandum decision filed Aug. 31, 2005).[1] In this petition for review, Vallejo challenges the trial court's order dismissing without an evidentiary hearing Vallejo's petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S. In the petition below, she claimed trial counsel had been ineffective because she had not asked Vallejo why she twice had refused a plea offer that required her to admit she had used a barbell to assault the victim and in failing to ask the prosecutor whether a plea offer to a different offense—aggravated assault causing temporary but substantial disfigurement—was available.

¶2        We review a trial court's order dismissing a petition for post-conviction relief without an evidentiary hearing for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006). "An error of law committed in reaching a discretionary

---

[1]As arguable issues, counsel suggested the trial court abused its discretion by denying Vallejo's motion to strike a prospective juror for cause and her motion for judgment of acquittal made on the ground that there had been no substantial evidence Vallejo had assaulted the victim with a barbell.

conclusion may, however, constitute an abuse of discretion." *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).

¶3 Vallejo's request for relief was based, to a large degree, on *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), and *State v. Jackson*, 209 Ariz. 13, 97 P.3d 113 (App. 2004). In *Donald*, Division One of this court held a trial court may compel the state to reinstate a plea agreement it previously offered if the defendant had rejected it because counsel had failed to adequately inform the defendant of the terms of the plea offer and the relative merits of that offer when compared to proceeding to trial. 198 Ariz. 406, ¶¶ 14, 44, 10 P.3d at 1200, 1205.

¶4 In *Jackson*, the defendant contended "that trial counsel was ineffective in failing to explore the possibility of a plea offer." 209 Ariz. 13, ¶ 3, 97 P.3d at 114. This court concluded that, even if Jackson's factual assertions were assumed to be true and the state had offered a plea agreement early in the case, his claim based on *Donald* was not colorable; it was based on the assertion that counsel had been ineffective for not resuming "plea negotiations on the eve of trial," not on counsel's having given Jackson bad advice. 209 Ariz. 13, ¶ 7, 97 P.3d at 116. Although this court examined *Donald*, we did so with the express caveat that "nothing in this decision should be read to mean this court adopts or approves of *Donald*." *Id*. n.6. This court concluded:

> The constitutional principles underlying *Donald* come into play only when a concrete plea offer has been made by the state, and we decline Jackson's request, unsupported by authority, to extend *Donald*'s reach to include a defense counsel's failure to

3

investigate the speculative possibilities of a potential plea offer, the very existence of which is contested.

*Id.* ¶ 11. Finally, we noted the paucity of support for the notion that counsel may be found to have been ineffective for "failing to seek a plea agreement." *Id*. n.5. We added, however, that "[w]e . . . do not reach the broader question of whether a defendant can ever establish an ineffective-assistance-of-counsel claim predicated on counsel's failure to seek a plea agreement when, unlike here, the defendant can show prejudice." *Id*.

**¶5**        Vallejo rejected the state's plea offers twice. Both times, the offer and rejection were stated on the record, and the court questioned Vallejo about the plea offer and the prison term she could be facing. The court dismissed before trial the charge of aggravated assault causing temporary but substantial disfigurement, and the jury found Vallejo guilty of aggravated assault with a dangerous instrument. In her post-conviction petition, Vallejo maintained trial counsel should have questioned her about her reasons for rejecting the state's plea offers, arguing had she done so, counsel would have learned Vallejo could not plead guilty to the offenses because she insisted she had not used a barbell to assault the victim.[2] Vallejo argued counsel also would have learned that Vallejo would have pled guilty to assault causing temporary but substantial disfigurement and attached an affidavit by William Feldhacker, the former prosecutor, in which he stated, "[h]ad defense

---

[2]We note that, in twice rejecting the state's plea offers before trial, Vallejo had every opportunity to explain why she could not or would not accept the plea but did not do so. She also acknowledged having spoken to her counsel about the plea offers before declining them.

4

counsel made a counter-offer to Aggravated Assault, temporary but substantial disfigurement, a class four felony, . . . [he] would have accepted it." And, he added, had defense counsel asked, he would have considered offering a plea to an offense less serious than a class four felony.

¶6     In a thorough, well-reasoned discussion of the relevant case law, the trial court denied relief. Noting the question this court had refused to directly address in *Jackson*, the trial court refused to extend *Donald* "to plea offers that were not actually extended to a defendant." The court further found that the affidavit of the former prosecutor was not definitive evidence that such a plea offer would have been available, noting the state did not concede that fact. Therefore, the court found, Vallejo had not established she had been prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069 (1984) (to establish claim of ineffective assistance of counsel, defendant must show not only that counsel's performance was deficient, but that it was prejudicial); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985) (same).[3]

¶7     On review, Vallejo maintains we should now address the question we did not reach in *Jackson*. But, based on what we did conclude in *Jackson*, we cannot say the trial court erred in denying relief here. *Jackson* and its underpinnings support the trial court's

_____

[3]The trial court also correctly distinguished *State v. Darelli*, 205 Ariz. 458, 72 P.3d 1277 (App. 2003), in which Division One of this court held that "a trial judge may  not effectively implement a plea cut-off date, by rejecting all potential pleas except a plea to the charges, based solely on the procedural posture of the case at issue." *Id*. ¶ 1.

5

determination that *Donald*, even if correctly decided, should not be broadened to establish a colorable ineffective assistance of counsel claim under the circumstances of this case. As we stated in *Jackson*, "[t]he constitutional principles underlying *Donald* come into play only when a concrete plea offer has been made by the state." 209 Ariz. 13, ¶ 11, 97 P.3d at 117. The only plea offer the state actually made in this case was twice rejected by Vallejo. The nonexistent plea offer that Vallejo now asserts she would have accepted, had it been made, was never extended or even considered by the state before trial. As in *Jackson*, under these circumstances we again refuse "to extend *Donald*'s reach to include a defense counsel's failure to investigate the speculative possibilities of a potential plea offer." *Id*.

¶8         We note, too, that on review, Vallejo attempts to distinguish Division One's decision in *State ex rel. Thomas v. Rayes*, 213 Ariz. 326, n.7, 141 P.2d 806, 814 n.7 (App. 2006), in which a different panel of judges of that court disagreed with *Donald* insofar as it stands for the proposition that a trial court may compel the state to reinstate a plea offer. But a petition for review was filed in *Rayes*, and our supreme court recently vacated Division One's decision. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, ¶ 21, 153 P.3d 1040, 1044 (2007). Nothing in the supreme court's decision affects the continued vitality of *Jackson*, nor does it alter our decision in this case that the trial court did not abuse its discretion by denying Vallejo post-conviction relief.

6

¶9        We grant the petition for review, but we deny relief for the reasons stated herein.

_____
JOHN PELANDER, Chief Judge

CONCURRING:

_____
GARYE L. VÁSQUEZ, Judge

H O W A R D, Presiding Judge, specially concurring.

¶10       I concur in the majority's refusal to extend the reasoning in *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), to this situation and write separately to briefly explain why. Applying the *Donald* reasoning to a defendant's rejection of a plea bargain would extend the Sixth Amendment's right to counsel beyond its constitutional purpose.[4]

> The Sixth Amendment provides that a criminal defendant shall have the right to "the Assistance of Counsel for his defence." This right has been accorded, we have said, "not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate, see *Strickland v. Washington*, 466 U.S. 668, 685-686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); and it also follows that

_____

[4]I note that this same concern applies to *Donald* itself.

7

defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation.

*Mickens v. Taylor*, 535 U.S. 162, 166, 122 S. Ct. 1237, 1240 (2002).  Although the Sixth Amendment only concerns trial rights, the Supreme Court has interpreted it to include critical stages of the pretrial procedures during which the defendant's trial rights can be lost or impaired.  In doing so, the Court explained that:

> [I]n addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. . . . [W]e scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial . . . .

*United States v. Wade*, 388 U.S. 218, 226-27, 87 S. Ct. 1926, 1932 (1967) (emphasis in original) (footnote omitted).

¶11            What constitutes a "critical stage" for purposes of the Sixth Amendment right to counsel has been broadly defined.  "A critical stage is any 'stage of a criminal proceeding where substantial rights of a criminal accused may be affected.'" *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006), *quoting Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257 (1967); *see also Bell v. Cone*, 535 U.S. 685, 696, 122 S. Ct. 1843, 1851 (2002) (defining a critical stage as "a step of a criminal proceeding, such as arraignment, that h[o]ld[s] significant consequences for the accused").

8

¶12 Many pretrial proceedings have been deemed "critical stages" in which the accused has the right to counsel, including entry of a guilty plea at a preliminary hearing, *see White v. Maryland*, 373 U.S. 59, 60, 83 S. Ct. 1050, 1051 (1963) (*per curiam*); post-indictment police lineups, *Wade*, 388 U.S. at 228-29, 87 S. Ct. at 1933 ("innumerable dangers" inherent in police lineups including possibility of improper suggestion and likelihood that issue of identity will be conclusively determined there); arraignments, *Hamilton v. Alabama*, 368 U.S. 52, 53, 82 S. Ct. 157, 158 (1961); and custodial interrogations, *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 1612 (1966) (when requested by accused, counsel required at questioning to protect Fifth Amendment right against self-incrimination). *See also Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 1204-05 (1977) (plurality). The Supreme Court's decision to extend the right to counsel to each of the critical stages listed above has been based on the effect that proceeding could have on the accused's trial and sentencing rights.

¶13 Because a defendant's trial rights can be forfeited in a plea agreement, *see State v. Murdaugh*, 209 Ariz. 19, ¶ 33, 97 P.3d 844, 852 (2004), the plea bargaining process must be considered a critical stage of the proceedings, *see Hovey*, 458 F.3d at 901. But, the rejection of a plea bargain does not jeopardize or insult any of a defendant's Sixth Amendment trial rights. *See State ex rel. Bowers v. Superior Court*, 173 Ariz. 34, 40, 839 P.2d 454, 460 (App. 1992) ("However, in rejecting a plea agreement, the court does not impair any of defendant's constitutional rights; rather, the court restores to defendant the

rights he has relinquished in the written agreement, and that agreement becomes inadmissible at any subsequent proceeding. *See* Rule 17.4(f), [Ariz. R. Crim. P., 16A A.R.S.]"), *disapproved on other grounds by Espinoza v. Martin*, 182 Ariz. 145, 148, 894 P.2d 688, 691 (1995). That is because, after rejecting the plea bargain, a defendant can still receive a fair trial with the assistance of counsel. And nothing that occurs during the plea negotiations can be used against him.[5] Ariz. R. Crim. P. 17.4(f). Therefore, under *Mickens*, alleged ineffective assistance of counsel in rejecting a plea offer is a defect that cannot possibly have an "effect upon the trial's outcome" and consequently does not establish a constitutional violation. *Mickens*, 535 U.S. at 166, 122 S. Ct. at 1240.

¶14 Some courts have held that because a defendant has a right to effective assistance of counsel when he enters a plea, he must also have the right when he rejects the plea. *See In re Alvernaz*, 830 P.2d 747, 753 (Cal. 1992). But the fact that the defendant has the right to effective assistance of counsel does not automatically mean that ineffective assistance results in a Sixth Amendment violation necessitating the vacation of an untainted jury verdict. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), has always required a finding of prejudice. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, ¶¶ 10, 12, 18, 153 P.3d 1040, 1042, 1044 (2007). Even if counsel has provided ineffective assistance, such a claim fails if no prejudice occurred. *See, e.g., State v. Morgan*,

---

[5]Nor does a defendant have a constitutional right to a plea bargain, so no other rights are implicated. *See State v. McKinney*, 185 Ariz. 567, 575, 917 P.2d 1214, 1222 (1996) (no constitutional right to plea bargain).

204 Ariz. 166, ¶ 33, 61 P.3d 460, 468 (App. 2002). Thus, when the defendant accepts a plea agreement, the defendant gives up trial rights, and ineffective assistance prejudices him. But the same is not true when the defendant rejects a plea offer because he does not give up any trial rights and his Sixth Amendment trial rights are not insulted. *See Mickens*, 535 U.S. at 166, 122 S. Ct. at 1240.

¶15        Tying the right to counsel to its constitutional purpose eliminates the problem courts have grappled with when attempting to fashion a remedy where a defendant claims ineffective assistance in plea bargaining. Requiring the state to offer a plea bargain or even enter into negotiations for one contradicts the notion that the defendant has no constitutional right to a plea bargain and may well invade the separate powers of the prosecutor to decide whether to offer one. *See Donald*, 198 Ariz. 406, ¶ 48, 10 P.3d at 1205-06 (Berch, J., concurring in part and dissenting in part). Additionally, requiring a new trial, after the defendant has already had a fair trial, with effective assistance of counsel, is illogical because it does nothing to remedy the alleged constitutional violation. If a jury has already determined the truth, the defendant's only hope in requesting a new trial is that a future jury may make a mistake and find him not guilty. The Sixth Amendment is not designed to ensure the defendant multiple trials hoping that one jury will eventually make a mistake:

> "'Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. . . . [T]he concern that unfair

11

procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.'"

*Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985), *quoting United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087 (1979), *quoting United States v. Smith*, 440 F.2d 521, 528-29 (7th Cir. 1971) (Stevens, J., dissenting).

¶16 At least two courts from other jurisdictions have decided that no constitutional violation occurs if a defendant receives ineffective assistance of counsel when he rejects a plea offer. *See Bryan v. State*, 134 S.W.3d 795, 802-03 (Mo. Ct. App. 2004); *State v. Knight*, 734 P.2d 913, 919 n.7 (Utah 1987); *cf. State v. Monroe*, 757 So. 2d 895, 898 (La. Ct. App. 2000) (defendant who rejects plea bargain suffers no prejudice to his trial rights). Although other courts have reached a different conclusion, *see Donald*, 198 Ariz. 406, n.4, 10 P.3d at 1198-99 n.4; *Commonwealth v. Mahar*, 809 N.E.2d 989, 992-93 (Mass. 2004), they have not analyzed whether the defendant's trial rights are impaired by the rejection of a plea bargain. I find the more reasoned view is that ineffective assistance of counsel in rejecting a plea agreement does not result in a Sixth Amendment violation. *See Bryan; Knight*.

¶17 Accordingly, I concur that the trial court correctly denied Vallejo post-conviction relief.

_____
JOSEPH W. HOWARD, Presiding Judge

12