KELLY, Circuit Judge,
joined by HENRY, Chief Circuit Judge, and HOLMES, Circuit Judge, concurring in the denial of rehearing en banc.
Judge Gorsuch in his dissent from denial of rehearing en banc contends that the panel opinion is overturning a state jury verdict, exacerbating a split in authority over recognition of a new constitutional right, and disregarding requests from the states in our circuit to hear the matter en banc.
The panel opinion simply remanded the matter to the district court to craft a remedy for a Sixth Amendment violation— here, ineffective assistance of counsel in advising Mr. Williams concerning a plea offer. Williams v. Jones, 571 F.3d 1086, 1094 (10th Cir.2009) (per curiam). On the eve of trial, Mr. Williams’ counsel informed him of a plea offer that would result in a ten-year sentence. Counsel also told him that if he wanted to accept the deal, he must retain new counsel. Mr. Williams expressed his desire to accept the plea, but “felt pressured” by his attorney’s threat to leave, his lack of money (his family already having paid counsel $30,000), and not knowing how he might quickly retain another lawyer. Williams v. State, No. F-2000-1247, slip op. at 19, 24 (Okla.Crim.App. Feb. 18, 2003). In reviewing Mr. Williams’ ineffective assistance of counsel claim, the OCCA “agree[d] wholeheartedly” with the state trial court’s finding that counsel’s ‘ “action in advising his client that he would withdraw from his representation if he entered a guilty plea was highly improper.’ ” Id. at 20. ‘We find [counsel’s] ultimatum to [Mr. Williams] concerning the guilty plea — that he would have to obtain new counsel if he desired to accept the ten year deal— amounted to deficient performance under Strickland,” Id. at 23. Next, the OCCA unanimously concluded that Mr. Williams “has indeed suffered prejudice by his trial counsel’s action....” Id. at 25.
*1255 A COA is jurisdictional and based on specific issues that meet the requirements of § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-37, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Contrary to the dissent’s position, the prejudice question is beyond the scope of the COA because no one contests the state appellate court’s finding of ineffective assistance of counsel during the plea process. Thus, the only issue encompassed within the COA is the adequacy of the remedy, not whether Mr. Williams established prejudice as part of his ineffective assistance claim. Much of the dissent’s thesis, that ineffective assistance of counsel during the plea process cannot result in prejudice given a subsequent fair trial, simply is not within the grant of the COA.
Insofar as exacerbating a split in authority over a new constitutional right, this case involves neither a new constitutional right, nor a federal circuit split. The dissent’s statement that “no decision from the United States Supreme Court has ever held (or even hinted) that a lawyer’s bad advice to reject a plea offer gives rise to a violation of the Sixth Amendment” is as wrong as its statement that “there’s no authority anywhere suggesting that Mr. Williams suffered a Sixth Amendment violation.” Dissent from Denial of Reh’g En Banc at 1258, 1260 (emphasis added). In Hill v. Lockhart, the Supreme Court acknowledged that ineffective assistance of counsel could render a plea involuntary where a defendant who has accepted a plea offer can later establish that, but for counsel’s erroneous advice, he would not have pled guilty and would have gone to trial. 474 U.S. 52, 56-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The holding of that case is unmistakable: “We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.” Hill, 474 U.S. at 59, 106 S.Ct. 366.
This case merely presents the converse of Hill; the defendant contends that but for counsel’s erroneous advice, he would have accepted the plea offer and foregone a trial. Not surprisingly, the federal circuits — including our own — have accepted such claims, as have Oklahoma state courts. See United States v. Carter, 130 F.3d 1432, 1442 (10th Cir.1997); Williams, 571 F.3d at 1086 n. 3 (listing cases from nine other circuits); Jiminez v. State, 144 P.3d 903, 907 (Okla.Crim.App.2006).
The dissent’s suggestion that the “OCCA’s decision deserved more deference from us” is strange given that the dissent’s approach is totally at odds with the OCCA’s finding of prejudice in this case and in others presenting like circumstances. Rather than defer to the OCCA, the dissent would hold that the OCCA’s finding of prejudice is contrary to federal law. See Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (suggesting that a state court’s determination regarding ineffective assistance of counsel must be unreasonable in order for a federal court to grant relief). It is not surprising that the vast majority of courts considering this issue have not taken the dissent’s path.[1] Consider a like *1256 ly scenario where a defendant is not informed by counsel of a plea offer, proceeds to trial, and receives a much greater sentence. According to the dissent, the defendant has suffered no prejudice even if he can prove that had he been informed of the offer, he would have accepted it.
We merely hold in this case that, having found a federal constitutional violation, a court must fashion a remedy tailored to the injury. United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). The state court did not apply this principle, apparently constrained by state law sentencing options. On remand, the federal district court will exercise its discretion and apply an appropriate remedy after hearing from the parties.
Finally, while I appreciate the input of various state attorneys general in support of the rehearing petition, that alone cannot be the basis to rehear a case. Their position echoes the dissent’s, urging that ineffective assistance of counsel claims cannot be based on rejected plea offers (even if accompanied by ineffective assistance of counsel) because the “defendant loses only a potential windfall.” Amici Br. at 7. In my view, this is simply impossible to square with the Supreme Court’s view of the effective assistance of counsel guaranteed to all.

. As discussed in the panel opinion, no federal circuit, including the Seventh Circuit, follows the rule advanced by the dissent. Williams, 571 F.3d at 1093. Although the dissent contends that “the panel’s decision is inarguably in conflict with the decisions of various state courts,” Dissent from the Denial of Reh'g En Banc at 3 n. 3, at best three state cases have concluded that a subsequent fair trial remedies any prejudice in this situation. See State v. Greuber, 165 P.3d 1185 (Utah 2007); Bryan v. State, 134 S.W.3d 795 (Mo. Ct.App.2004); State v. Monroe, 757 So.2d 895, 898 (La.Ct.App.2000).
In Greuber. the court determined that a fair trial remedied any prejudice, but paired it with a finding that the defendant would not have accepted a guilty plea in any event. 165 *1256 P.3d at 1191. Moreover, the Utah court left an escape hatch: "We note that in these types of cases, the egregious conduct of counsel in misleading a defendant about the legal consequences of a decision to decline a plea offer or in failing to inform a defendant about the existence of such an offer might effectively constitute the absence of counsel at a critical stage.” Id. at 1189 n. 4. Presumably, the complete denial of counsel during the plea stage could be prejudicial.
The Missouri court’s holding is based upon the theory that the Sixth Amendment guarantee of effective assistance of counsel is implicated only when the deficient performance affects the reliability of the trial process. Bryan, 134 S.W.3d at 802 (citing Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). This more restrictive view of ineffective assistance has been rejected by the Court. Williams v. Taylor, 529 U.S. 362, 393-95, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Moreover, in a subsequent case, the Missouri court seems to have retreated from this view, holding that misadvice about the maximum punishment which led to the rejection of a plea agreement would constitute prejudice. McClendon v. State, 247 S.W.3d 549, 555-56 (Mo.Ct.App.2007).
The Supreme Judicial Court of Massachusetts summed it up: “Although we have not had occasion to consider the issue, we agree with nearly every other appellate court that has, that if the offer is rejected because of the ineffective assistance of counsel, the fact that the defendant subsequently receives a fair trial does not ameliorate the constitutional harm that occurred in the plea consideration process.” Commonwealth v. Mahar, 442 Mass. 11, 809 N.E.2d 989, 993 (2004) (collecting cases).