Terry McCLAIN, for Respondent,

v.

**DEPARTMENT OF CORRECTIONS,**
for Appellant.

No. WD 57415.

Missouri Court of Appeals, Western District.

Dec. 7, 1999.

Terry McClain, Bowling Green, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Terry McClain appeals the circuit court's judgment dismissing his petition for declaratory judgment against the Department of Corrections. McClain asked the circuit court to find that department personnel improperly applied § 558.019.3, RSMo 1998, to his sentence, resulting in his wrongfully being required to serve at least 85 percent of his sentence before becoming eligible for parole. We affirm the circuit court's judgment.

On June 18, 1996, McClain pleaded guilty to robbery in the first degree and armed criminal action. The circuit court sentenced him to concurrent 10–year and three-year prison terms. Authorities notified him that, under § 558.019.3, he would not be eligible for parole until he had served 85 percent of his sentence because § 556.061(8), RSMo 1994, defined first-degree robbery as a dangerous felony. McClain filed this declaratory judgment action in which he averred that the department could not apply § 558.019.3 to his case because the circuit court had not informed him of its provisions when he pleaded guilty. He also complained that the General Assembly's bill enacting § 558.019 was not constitutional because it contained "mixed subjects." The circuit court dismissed his petition on the ground that it did not state a claim for which it could grant relief.

McClain appealed directly to the Supreme Court, which transferred his case to this court because McClain did not question the statute's constitutionality at the earliest opportunity. For the same reason, we decline review of McClain's claim that the bill enacting § 558.019 violated Missouri's constitution.

In reviewing McClain's case, we deem the facts pleaded to be true and determine whether they demonstrate any basis for relief. *Klemme v. Best,* 941 S.W.2d 493, 495 (Mo. banc 1997). We affirm.

McClain's point relied on attacks imposition of the 85 percent minimum in that the circuit court did not advise him before he pleaded guilty that first degree robbery was a dangerous felony and would result in a mandatory minimum prison term. Arguments not raised in a point relied on are not presented for review. *Schmidt v. Warner,* 955 S.W.2d 577, 583–84 (Mo.App.1997).[1]

McClain insists that the department's application of the dangerous felony statute to his sentence is not supported by the record because the circuit court made "no

---

1. McClain seemed to be raising other issues in his argument, but we do not take cognizance of those because they were not articulated in his point relied on.

mention" of the mandatory minimum sentences for the crimes to which he pleaded guilty. Rule 24.02(b)(1) requires the circuit court, before accepting a plea of guilty, to ascertain that a defendant understands the nature of the charge and any mandatory minimum and maximum penalties the law provides. The record confirms that the circuit court advised McClain as required, and he affirmed that he understood.

McClain's argument assumes that the subsequent application of § 559.019.3 somehow modified the minimum mandatory *penalties* for first-degree robbery and armed criminal action. It did not. His penalties remained the same. "Penalty" in Rule 24.02(b)(1) refers to "the statutory nominal sentence," not to "actual time in prison after credit for good behavior and parole." *Spradling v. State*, 865 S.W.2d 806, 811 (Mo.App.1993) (quoting *United States v. Garcia*, 698 F.2d 31 (1st Cir.1983)). Section 559.019.3 provides that a prisoner is not eligible for parole until completion of the "mandatory minimum prison *term* [.]"[2] McClain's mandatory minimum prison term is 85 percent of his 10–year sentence.

The circuit court was not obligated to inform McClain of factors affecting his eligibility for parole before accepting his plea of guilty. *Drone v. State*, 973 S.W.2d 897, 902 (Mo.App.1998). Before 1994, § 558.019 compelled the circuit court to make a finding concerning a defendant's eligibility for early parole, but the General Assembly amended its statute to remove this requirement. *Boersig v. Missouri Department of Corrections*, 959 S.W.2d 454, 457 (Mo. banc 1997). Given the mandatory nature of Rule 24.02, we deem that the list of necessary findings is exclusive and that other, collateral results of a plea of guilty need not be explained to the defendant. *State v. Hasnan*, 806 S.W.2d 54, 56 (Mo.App.1991). Parole is a collateral consequence of a guilty plea. *Drone v. State,*

973 S.W.2d at 902 (citing *Spradling v. State*, 865 S.W.2d at 811).

Because the circuit court was not required to advise McClain that he would have to serve 85 percent of his sentence before becoming eligible for parole, his petition for declaratory judgment did not state a valid claim for relief. He did not challenge the constitutionality of § 558.019 at the proper time. For these reasons, we affirm the circuit court's dismissal of his petition.

PATRICIA BRECKENRIDGE, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.