**John ROWLAND, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 25890.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 2004.

---

Mark A. Grothoff, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

John Rowland (movant) was convicted of possession of methamphetamine, a controlled substance, with intent to distribute.

§ 195.211.[1] Movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. The motion was denied without an evidentiary hearing. This court affirms.

Movant's Rule 29.15 motion asserted that he received ineffective assistance of counsel in the underlying criminal case. He claimed:

(a). Trial counsel unreasonably failed to inform movant that section 558.019, dealing with minimum non-parole terms for offenders with prior deliveries into the department of corrections, did not apply to the controlled substance offenses of Chapter 195. Counsel's failure to inform movant of the foregoing resulted in an unknowing and involuntary rejection of favorable state plea offers.

(b). Trial counsel erroneously informed movant that being sentenced to a term without possibility of probation or parole as a persistent drug offender meant he would be required to serve the entirety of that sentence. However, a sentence mandated without probation or parole does not eliminate the conditional release portion of such sentence. Thus, movant's rejection of the plea offer of ten years as a persistent drug offender was unknowing and involuntary.

The motion court found with respect to claim (a) that neither the trial court nor trial counsel was required to advise movant as to collateral consequences of convictions insofar as pleas of guilty are involved. It found with respect to claim (b) that neither the trial court nor counsel had an obligation to inform movant of his eligibility for conditional release; that a person charged with a crime was entitled to know the mandatory minimum penalty prescribed by statute for a charged offense, not the actual time in prison the offender could expect to serve after credit for good behavior and parole.

The motion court concluded that movant's Rule 29.15 motion stated no facts that suggested his trial counsel affirmatively misrepresented the statutory sentence for the offense charged, the applicability of conditional release, or the effect of statutory enhancement. It observed that movant was correctly informed that he would not be eligible for probation or parole as a prior and persistent drug offender.[2]

Movant asserts by this appeal that the trial court erred in denying his Rule 29.15 motion without a hearing because the motion made factual allegations that, if proven and not refuted by the record, would warrant relief. He makes two arguments. He first argues that his motion asserted ineffective assistance of counsel by which he was prejudiced in that trial counsel did not inform him that § 558.019, which provides for minimum non-parole terms for prior offenders, did not apply to the of-

---

**1.** References to statutes are to RSMo Cum. Supp.1999, unless otherwise stated.

**2.** Movant was charged in his criminal case by indictment. The indictment alleged he was a prior drug offender and a persistent drug offender punishable under §§ 195.275, RSMo 1994, and 195.291.1 and .2. The indictment alleged movant had three prior drug offenses to which he had either pleaded guilty or of which he had been convicted. The trial court found, on the basis of court records it re-viewed, that movant was a prior drug offender and a persistent drug offender. A prior drug offender who is sentenced for a violation of § 195.211 that would ordinarily be punishable as a class B felony is required to be sentenced to the authorized term of imprisonment for a class A felony. § 195.291.1. When such sentence is imposed on a defendant who is a persistent drug offender, the sentence is served without probation or parole. § 195.291.2.

fense with which he was charged, a chapter 195 offense. Secondly, he argues that his motion asserted ineffective assistance of counsel by alleging that his trial attorney erroneously informed him that if he were sentenced as a persistent drug offender to a term of imprisonment without possibility of parole, he would be required to serve the entirety of that sentence; that he was not informed that such a sentence would be subject to conditional release.

### The First Argument

■ Section 558.019 prescribes minimum prison terms for offenders who have pleaded guilty to or been found guilty of past felony offenses. An offender who is subject to requirements of § 558.019 who has three or more previous prison commitments is required to serve 80 percent of his sentence or until the offender "attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first." § 558.019.2(3). The document charging movant with possession of a controlled substance with intent to distribute alleged he had three prior felony offenses to which he had either pleaded guilty or been convicted. *See* n. 2, *supra.* Section 558.019.2, the provision of the statute about which movant asserts his trial counsel did not inform him, makes an exception to that section's required minimum prison terms for felonies that are "set forth in chapter 195, RSMo." Movant was convicted of an offense prescribed by § 195.211; thus, his conviction was not subject to the minimum requirements of § 558.019.

Movant's motion asserts that the state offered a negotiated plea agreement prior to trial in which it proposed a sentence of 10 years as a prior drug offender in exchange for movant pleading guilty. (As a prior drug offender, movant would have been eligible for probation or parole,

whereas as a persistent drug offender he would not. § 195.291.) Movant contends that he rejected the negotiated plea agreement because he believed he would have had to serve 80 percent of the sentence he would have received because he had three prior commitments to the department of corrections. He contends that reasonably competent counsel would have investigated and advised movant that § 558.019 did not apply to chapter 195 offenses. He argues that had his trial attorney provided that information, he would have accepted the negotiated plea agreement tendered by the state; that he would have received a 10–year sentence rather than the 13–year sentence he received after trial.

■ Movant does not distinguish between convictions based on pleas of guilty and convictions following trial. Movant did not plead guilty. He did not accept the state's offer. A failed plea negotiation is a non sequitur. Unless and until a plea agreement is reached and embodied in the judgment of a court, nothing has occurred that is of constitutional significance. *Griffith v. State,* 845 S.W.2d 684, 687 (Mo.App. 1993), *quoting Mabry v. Johnson,* 467 U.S. 504, 507–08, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Failed negotiations do not implicate the constitution. It is an ensuing plea of guilty that implicates the constitution. *Griffith,* 845 S.W.2d at 687.

■ Movant makes no complaint about the fairness of his trial. His complaint is that the conviction and sentence he received were less favorable than a negotiated plea offer he turned down prior to trial. Movant's argument that his conviction is tainted by reason of his refusing a tendered plea of guilty prior to trial on the basis of misunderstanding is of no consequence. A defendant in a criminal case has no right to a plea agreement. *State v. Eckelkamp,* 133 S.W.3d 72, 2004 WL 76744 (Mo.App.E.D. No. 83609, filed Jan. 20,

2004). Rule 29.15 affords movant no basis for relief from movant's decision not to plead guilty.

### The Second Argument

■ Section 558.011, RSMo 1994, requires conditional release to be part of sentences of imprisonment.[3] The offense with which movant was charged was violation of § 195.211.2. Because movant was charged as a prior drug offender and a persistent drug offender, see n. 2, supra, the offense was punishable as a class A felony. § 195.291.2. The range of punishment for a class A felony is not less than 10 years' imprisonment and not to exceed 30 years, or life imprisonment. § 558.011.1(1), RSMo 1994. The conditional release period is three years for sentences between nine and fifteen years. § 558.011.4(1)(b), RSMo 1994.

Movant's second argument contends his trial attorney was ineffective in informing him that if sentenced as a persistent drug offender, he would be required to serve the entirety of that sentence. He argues that he was not advised that his sentence would include conditional release time; that had he been aware that a sentence without possibility of parole does not abort conditional release, he would have accepted the negotiated plea offer the state tendered rather than go to trial.[4] The discussion, supra, regarding the status of an unaccepted negotiated plea agreement is equally apropos to movant's second argument. His complaint is not that he did not receive a fair trial; rather, it is that he is dissatisfied with the results of the trial in that he received a less favorable sentence than he might have had if he had pleaded guilty. That rationale is no more compelling when asserted in the context of movant's second argument than it was with respect to the first argument.

■ Further, as observed by the motion court in its order dismissing movant's Rule 29.15 motion without evidentiary hearing, the knowledge required to be imparted to a defendant engaged in entering a plea in a criminal case is knowledge of the direct consequences of the plea. See Reynolds v. State, 994 S.W.2d 944, 946 (Mo. banc 1999), cert. denied, 528 U.S. 1120, 120 S.Ct. 944, 145 L.Ed.2d 820 (2000). Reynolds observes that eligibility for parole is a collateral consequence of punishment; that, therefore, eligibility for parole is not among the direct consequences about which a defendant in a criminal case is required to be informed in order to enter a knowledgeable plea. Id. The same is true with respect to mandatory minimum penalties assessed for particular offenses. See McClain v. Department of Corrections, 8 S.W.3d 210, 212 (Mo.App.1999). The rationale of Reynolds and McClain is equally apropos to conditional release. Conditional release is akin to parole. It is part of the punishment imposed in a case. Time

---

3.  " 'Conditional release' means the conditional discharge of an offender by the board of probation and parole, subject to conditions of release that the board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the state board of probation and parole. The conditions of release shall include avoidance by the offender of any other crime, federal or state, and other conditions that the board in its discretion deems reasonably necessary to assist the releasee in avoiding further violation of the law." § 558.011.4(2), RSMo 1994.

4.  Movant contends, with respect to his first argument, that the negotiated plea agreement the state offered would have permitted him to plead guilty as a prior offender rather than a persistent offender, thereby eliminating restriction of no probation or parole. The availability of conditional release for a persistent offender would have been of no consequence in the decision not to accept a negotiated plea agreement that would have permitted movant to plead guilty as a prior offender.

served on conditional release is the equivalent of parole. A defendant's liberty is restrained by conditions imposed on his conduct. This court finds no merit in movant's second argument.

This court, again, is constrained to point out that this is not a case that challenges the voluntariness of a guilty plea. This is a case in which movant chose not to plead guilty but to go to trial. No complaint is made about the fairness of that trial. The trial court's findings and conclusions were not clearly erroneous in determining movant did not plead facts warranting post-conviction relief and in dismissing movant's motion without evidentiary hearing. The trial court's order dismissing the motion is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.