Joseph M. COLLINS, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 28096.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 5, 2007.

Mark A. Grothoff, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Joshua N. Corman, Assistant Attorney General, Jefferson City, MO, for Respondent.

PHILLIP R. GARRISON, Judge.

This appeal arises from the denial of Joseph M. Collins' ("Movant") Rule 29.15[1] motion for post-conviction relief. On September 21, 2006, the motion court issued findings of fact and conclusions of law denying Movant's claim that his trial counsel was ineffective.

■ In reviewing the denial of a post-conviction relief motion, this Court treats the findings of fact and conclusions of law as presumptively correct. *Daugherty v. State*, 159 S.W.3d 405, 407 (Mo.App. E.D. 2005). As such, our review is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams v. State*, 226 S.W.3d 871, 872 (Mo.App. S.D. 2007). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997).

In November of 2003, Movant was convicted of statutory sodomy in the first degree, a violation of Section 566.062[2] and two counts of use of a child in a sexual performance, violations of Section 568.080.2. Movant was sentenced to life imprisonment on the statutory sodomy charge and fifteen years imprisonment on each charge of use of a child in a sexual performance, with all of the sentences to run consecutively. Movant's convictions were upheld on appeal by this Court in *State v. Collins*, 150 S.W.3d 340 (Mo.App. S.D.2004), but his sentences were vacated and remanded. *Id.* at 357. On remand, Movant was sentenced to consecutive

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2006) unless otherwise noted.

2. All references to statutes are RSMo (2000) unless otherwise noted.

terms of life imprisonment, seven years, and seven years for each respective count. Movant subsequently filed his timely pro se motion for post-conviction relief under Rule 29.15 on the basis that he received ineffective assistance of counsel. Counsel was appointed and an amended motion for post-conviction relief was filed. After an evidentiary hearing, the motion court denied Movant's motion and he now appeals.

At some point after Movant was charged in March of 2003, the State offered Movant a plea bargain: in exchange for a guilty plea, the State would agree to a sentencing cap of fifteen years. Movant took the position that he would only enter a plea agreement if the State would agree to a sentencing cap of a maximum of seven years. Movant told his attorney that he accepted responsibility for his actions but did not feel that he deserved a sentence of fifteen years. The State's offer was available to Movant until his trial was commenced on October 6, 2003, but he never accepted it.

On August 6, 2003, Movant's counsel informed him that the charges filed against him were not subject to Section 558.019.3. That section provides that "any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061 . . . and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court[.]" Section 558.019.3. None of the crimes that Movant was charged with were defined as a dangerous felony when he committed them. Section 556.061. However, in June of 2003, Section 556.061 was amended to include in its definition of a dangerous felony "statutory sodomy in the first degree when the victim is a child less than twelve years of age at the time of the commission of the act giving rise to the offense[.]" Section

556.021 (Cum.Supp.2003). On October 2, 2003, the State filed a second amended information charging that Movant committed statutory sodomy in the first degree with a child under the age of twelve years.

At some point after August 6, 2003, but before trial, Movant's counsel incorrectly informed him that the charges were subject to the eighty-five percent rule of Section 558.019.3. Movant claims that his counsel's advice regarding the eighty-five percent rule of Section 558.019.3 constituted ineffective assistance of counsel.

When faced with a claim of ineffective assistance of counsel, the proper review is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692–93 (1984). In order to show ineffective assistance of counsel, a movant must prove 1) that counsel was deficient in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would in similar circumstances, and 2) that the movant was thereby prejudiced. *Id.* at 687, 104 S.Ct. at 2064; *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). Both prongs must be met, and a court need not address both prongs if a movant fails to satisfy one of the prongs. *Bryan v. State*, 134 S.W.3d 795, 799 (Mo.App. S.D.2004). A court may address the prejudice prong first if it disposes of the claim. *Id.*

Movant relies on *State v. Stillings*, 882 S.W.2d 696 (Mo.App. S.D.1994), for the proposition that an appellant can make a valid claim for ineffective assistance of counsel when the appellant, due to the alleged deficient actions of his counsel, has not accepted a plea agreement and has instead stood trial. In *Stillings*, this Court stated that "where . . . an accused

who has stood trial and been convicted seeks post-conviction relief on the ground that his lawyer rendered ineffective assistance in failing to relay a prosecutor's plea offer, the accused must demonstrate a reasonable probability that he would have accepted the offer instead of standing trial." *Id.* at 704.

Conversely, the State argues that *Stillings* has been overruled *sub silentio* by this Court's holdings in *Bryan* and *Rowland v. State,* 129 S.W.3d 507 (Mo.App. S.D.2004). In *Rowland,* the movant sought post-conviction relief from his conviction for possession of methamphetamine with intent to distribute. 129 S.W.3d at 508. After the motion court denied his post-conviction relief, the movant appealed on two points. *Id.* at 509. He asserted that he received ineffective assistance of counsel in that his counsel failed to inform him that the eighty-percent rule of Section 558.019.2(3) would not apply to his conviction, and that counsel wrongly informed him that being sentenced to a term without possibility of parole or probation meant he would have to serve the entirety of the sentence. *Id.* In refusing to address either of the movant's claims, we noted that "[u]nless and until a plea agreement is reached and embodied in the judgment of a court, nothing has occurred that is of constitutional significance." *Id.* at 510. We further stated a criminal defendant has no right to a plea agreement and that the movant made no complaint about the actual fairness of his trial. *Id.* Therefore, we determined that the errors the movant was asserting were not cognizable in a Rule 29.15 motion. *Id.* at 511.

The movant in *Bryan,* after being convicted at trial of several crimes, claimed that his counsel provided ineffective assistance by failing to adequately advise him about his case and thereby caused him to reject a plea offer from the State that was more favorable than the sentence he received at trial. 134 S.W.3d at 801. As in *Rowland,* we also noted in *Bryan* that the movant's point did not specifically demonstrate how his counsel's actions surrounding the plea caused his actual trial to be unfair. *Id.* at 801–02. After a review of *Strickland,* we determined that "the Sixth Amendment guarantee of effective assistance of counsel generally is not implicated unless counsel's challenged conduct had some effect on the reliability of the trial process." *Id.* at 802. As such, we concluded that review of ineffective assistance of counsel claims in Rule 29.15 motions are limited to a determination of whether there were errors made by counsel that deprived the movant of a fair trial. *Id.* Therefore, we refused to reach the merits of the movant's claim "because the error asserted ... is not cognizable by us in reviewing the trial court's ruling on a Rule 29.15 motion." *Id.* In *Bryan,* we also expressed concerns regarding what remedy this Court could grant the movant even if we were to rule in his favor. *Id.* at 803–804. We stated that the only relief we could grant a movant in such a situation would be a new trial, and that this relief would not be appropriate given our conclusion that the movant had received a fair trial. *Id.* at 803.

Thus, whereas our holding in *Stillings* would require us to reach the merits of Movant's claim, both *Rowland* and *Bryan* specifically dictate that Movant's claim is not reviewable. Notwithstanding the apparent conflict between *Bryan* and *Rowland* on the one hand, and *Stillings* on the other, we find that even under the more movant-friendly *Stillings'* analysis, Movant has failed to demonstrate a claim for ineffective assistance of counsel.

Movant's claim is that his trial counsel was ineffective in that counsel wrongly informed him that Section

558.019.2(3)'s eighty-five percent rule applied to his charges, and because of this misinformation, Movant refused to accept the State's plea offer. However, prior to advising Movant that the eighty-five percent rule applied, Movant's counsel had told Movant that the eighty-five percent rule did not apply. Therefore, Movant initially received correct advice regarding the application of the eighty-five percent rule. Although the offer was available to Movant for a considerable amount of time before his counsel misinformed him, Movant never accepted the offer. The plea offer from the State remained unchanged up to the start of the trial. Under *Stillings,* Movant must demonstrate a reasonable probability that he would have accepted the offer instead of standing trial. 882 S.W.2d at 704. Movant cannot meet this burden because he had ample opportunity to accept the offer after his counsel correctly advised him as to the application of the eighty-five percent rule. Additionally, Movant told his counsel early on in the proceedings that he felt he didn't deserve a fifteen-year sentence and for that reason would only accept a seven-year maximum cap for a plea. Therefore, we hold that, even under *Stillings,* Movant was not prejudiced. Movant cannot show that, but for his counsel's alleged misconduct, there is a reasonable probability that he would have accepted the offer.

The judgment of the motion court denying Movant's post-conviction relief is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.