**Roderick D. WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SD 30588.

Missouri Court of Appeals,
Southern District,
En Banc.

June 20, 2011.

Motion for Transfer to Supreme Court
Denied July 2, 2011.

Application for Transfer
Denied Aug. 30, 2011.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Roderick D. Williams ("Williams") appeals the motion court's denial of his Rule 29.15[1] motion asserting his trial counsel was ineffective for failing to fully explain the ramifications of accepting the State's offer of an open plea of guilty to one charge of statutory rape in the second degree, rather than proceeding to trial on more serious charges. We affirm the motion court's decision.

## Factual and Procedural History

Given the narrow scope of Williams' appeal, we set forth only those facts necessary to complete our review. Williams was charged with two counts of forcible rape, and in the alternative, with two counts of statutory rape in the second degree, for events that occurred on October 28, 2004. On November 4, 2004, Michael King ("Attorney King") entered his appearance and continued to represent Williams through trial and sentencing. Larry Maples ("Attorney Maples") joined as co-counsel prior to trial and remained on the case through disposition.[2]

---

1. All rule references are to Missouri Court Rules (2010).

2. Attorney King and Attorney Maples are in some instances referred to herein collectively as "counsel."

Months before trial, Williams' counsel received an offer from the prosecutor that the State would dismiss all charges, except for one count of statutory rape in the second degree, upon an open plea of guilty. Counsel discussed this offer, and the consequences of accepting or rejecting it, with Williams on multiple occasions. Counsel believed this offer remained open until the day of trial.

On March 15, 2006, Attorney Maples sent a letter to Williams again explaining the State's offer to dismiss all of the charges except one count of statutory rape in the second degree, in exchange for Williams' open plea of guilty. In pertinent part, the letter read:

We have also conveyed to you an offer from the [S]tate to dismiss all charges except one count of statutory rape 2d degree, in return for an open plea to that charge. Mr. Cox put his head through the door and told us that the offer would get no better. I have explained to you that this charge carries from one day to 12 months in the county jail, or from one to seven years in prison, or a find [sic] up to $5000.00, or both the fine and jail time or fine and prison time. The judge could give you less than seven years, and might or might not do so. You would have the opportunity for a presentence investigation, and for one of our alternative sentencing persons to interview you and others on your behalf and submit a report to the court. An alternative sentencing report would attempt to develop and emphasize reasons to be as lenient as possible to you. In attempting to explain all this to you, I said that I was not trying to get you to take the offer, and you indicated that you understand this. Please understand that I meant that I was not trying to get you to take the offer against your will or against your best judgment. I was trying to give you the facts necessary to make your best judgment. I tell you now that I think you should give this offer your strong consideration. Each forcible rape charge carries from five years to life. Each statutory rape charge carries the range of punishment described above. If a jury finds you guilty and assesses a punishment, whether it is five years or life, you should fully anticipate that the judge will give you exactly that punishment, and no less. Forcible rape is classified as a dangerous felony, meaning that you would be required to serve at least 85% of whatever sentence is given you on forcible rape. Forcible rape is classified as a "sexually violent offense," meaning that if you are convicted of it you run the risk of being civilly committed for an indefinite period of time upon your release from prison.

. . . .

Again, I am not trying to make you take a plea, or to convince you to do so against your will. I am trying to get you to give this alternative your full consideration, and I am urging you to consider fully whether it is in your best interests to risk a trial. In my opinion, taking that risk is unwise. However, it is your risk, and your decision which counts. We respect that.

Just before trial, Attorney King filed a motion for continuance requesting another competency evaluation for Williams. The trial court denied this motion. However, Counsel did secure a mental evaluation and Williams was seen by "Dr. Logan," a psychiatrist, who indicated Williams was competent to stand trial.

On June 28, 2006, the case proceeded to trial and Williams was convicted by the jury on two counts of forcible rape in violation of section 566.030.[3] He was sen-

---

**3.** All references to statutes are to RSMo 2000, unless otherwise indicated.

tenced by the trial court to 30 years' imprisonment on one count, and 15 years' imprisonment on the other, with the sentences to run consecutively. Williams appealed, and this Court affirmed the convictions. A complete statement of facts in the case is set forth in *State v. Williams,* 247 S.W.3d 144, 146–47 (Mo.App. S.D. 2008). Williams timely filed his *pro se* Rule 29.15 motion on June 3, 2008, and an amended motion was filed by counsel on September 8, 2008.

On February 23, 2010, an evidentiary hearing was held and the motion court took judicial notice of the underlying criminal case, including the transcript. Williams and Attorney King were the only witnesses to testify.

Williams testified he had a college degree in graphic arts. He also testified that from March 2006 through June 2006, he had no mental disorder or problem, and at trial could hear and understand the proceedings.

Williams testified he discussed plea offers with counsel. He recalled an offer for an open plea to one count of forcible rape and a subsequent offer for an open plea to one count of second degree statutory rape. Williams testified his understanding of the offer on the lesser charge of statutory rape, in the second degree was that he could receive "whatever the Judge could give [him]." He testified he knew the range of punishment for statutory rape in the second degree was one to seven years. Williams said that counsel did not talk to him about the meaning of "dangerous felony" or the "85 percent service requirement" for parole eligibility. He also testified counsel did not discuss with him the possibility of civil commitment if he were later classified as a sexually violent predator. Williams testified he was told by counsel that if he went to trial on the forcible rape charges, he could receive two, thirty-year sentences.

Williams also testified he read all the letters sent to him by counsel while he was in jail awaiting trial. Williams, however, claimed he did not receive the March 15, 2006 letter.

Williams testified the offer for a plea to one count of second-degree statutory rape was presented to him late on Friday before the Monday when his trial started. Williams claimed he asked for the weekend to consider the offer, but was told he had to make a decision within 30 minutes. Williams testified he now has a better understanding of the ramifications of accepting or rejecting the plea offer and had it been fully explained to him, he would have taken the offer and would be serving a seven-year sentence rather than "wasting 45 years of my life . . ."

After reviewing the March 15, 2006 letter, Attorney King testified he was positive he discussed the information contained in the letter with Williams during the months of March 2006 and June 2006. He testified he had explained to Williams the difference between "statutory rape in the second degree" and "forcible rape." He also testified he never told Williams the offer had been withdrawn. He recalled telling Williams the offer was still available at least once during his multiple visits the week before trial. Attorney King explained that because defendants convicted of forcible rape might be found to be sexually violent predators and, thus, face civil commitment under Missouri's Sexually Violent Predator law, his focus was on getting only statutory rape in the second degree.

Attorney King also testified Williams never had any trouble understanding English, and Williams understood and used legal terms during their conversations.

Attorney King further testified he filed a motion for a second psychological evaluation as he was concerned with Williams'

mental functioning because Williams "was talking a lot about a miracle and if he didn't have a trial he wouldn't get the miracle that he was meant to get." He said Williams also seemed to be sincere with his religious beliefs, but Attorney King acknowledged he was not a mental professional and was not trained to decipher Williams' mental competency.

On May 3, 2010, the motion court denied Williams' post-conviction motion. The motion court found Williams was advised of the State's plea offer, and that Williams was properly advised of all the ramifications of accepting or rejecting the plea offer. Additionally, the motion court concluded Williams had not demonstrated prejudice as counsel's alleged error did not affect the fairness of Williams' trial. This appeal followed.

## Standard of Review

 "A motion court's denial of a claim of ineffective assistance of counsel based on a Rule 29.15 motion is reversed only when its findings of fact or conclusions of law are clearly erroneous." *State v. Landers*, 969 S.W.2d 808, 812 (Mo.App. W.D.1998); Rule 29.15(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(i). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v.*

*State*, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010).

## Analysis

Williams claims the motion court clearly erred in denying his motion because he was denied effective assistance of counsel in that his counsel failed to fully explain, to Williams' understanding, the ramifications of accepting the offer of a plea of guilty to one charge of statutory rape in the second degree, rather than proceeding to trial on the more serious charges. Because this claim is unrelated to the fairness of Williams' trial, we conclude that it is not cognizable in this Rule 29.15 proceeding.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, Williams' motion does not allege he did not receive a fair trial; rather, it is that he is dissatisfied with the results of the trial in that he received a less favorable sentence than he might have if he had pleaded guilty. Williams relies on *State v. Stillings*, 882 S.W.2d 696 (Mo.App. S.D.1994), for the proposition that a movant can make a valid claim for ineffective assistance of counsel when the movant, due to the alleged deficient conduct of his counsel, has not accepted a plea agreement and has instead stood trial.[4] In contrast, the State relies on the holdings in *Bryan v. State*, 134 S.W.3d 795, 802 (Mo.App. S.D.2004) and *Rowland v. State*, 129 S.W.3d 507 (Mo.App. S.D.2004), where this Court de-

---

4. In *Stillings,* this Court stated that where "an accused who has stood trial and been convicted seeks post-conviction relief on the ground that his lawyer rendered ineffective assistance in failing to relay a prosecutor's

plea offer, the accused must demonstrate a reasonable probability that he would have accepted the offer instead of standing trial." 882 S.W.2d at 704.

termined the errors asserted were not cognizable in a Rule 29.15 motion because movants' points did not specifically demonstrate how counsel's actions surrounding the plea caused the actual trial to be unfair.[5]

█ In *Stillings,* we presumed such a claim was cognizable in a Rule 29.15 proceeding by applying, in reverse, a principle drawn from Rule 24.035 proceedings. No other analysis or authority supported our conclusion. *Stillings,* 882 S.W.2d at 704. For the reasons explained in *Rowland* and *Bryan,* a defendant's claim that trial counsel's alleged lack of advice deprived the defendant of a chance to plead guilty and obtain a shorter sentence is simply not cognizable in a Rule 29.15 proceeding because it has nothing to do with whether the defendant's trial itself was fair. *Bryan,* 134 S.W.3d 795, 801–04; *Rowland,* 129 S.W.3d 507, 510–11. To the extent that *Stillings* and *Collins v. State,* 231 S.W.3d 861, 863–64 (Mo.App.2007), express a contrary view, they are overruled. Williams' claim is not cognizable in this Rule 29.15 proceeding.

█ Even assuming Williams' claim were cognizable, he still would not be entitled to relief on appeal. His testimony was the only evidence offered in support of that claim. The motion court made a specific factual finding that it placed "no credence in [William's] self serving testimony, including his claims that he was not properly advised as to the ramifications of his accepting the offer to enter an open plea of guilty to one charge of statutory rape in the second degree rather than going to trial on the more serious charges." Conversely, the motion court found that Attorney King's testimony was credible. Witness credibility is a matter for the motion court to resolve, and we defer to its determinations. *See Hurst,* 301 S.W.3d at 117. Point denied.

The decision of the motion court is affirmed.

BARNEY, RAHMEYER, P.J., SCOTT, C.J., BATES, LYNCH, and BURRELL, JJ., Concur.

---

5. In both *Bryan* and *Rowland,* the movant was also convicted after proceeding to trial and alleged counsel was ineffective by failing to adequately advise movant on a plea offer, thereby causing him to reject a plea offer.