James Hikiau BESCHER,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 30926.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 7, 2011.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Atty. General, Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

James Hikiau Bescher ("Movant") appeals the motion court's denial of his Rule 29.15 [1] motion for post-conviction relief asserting his trial counsel was ineffective for failing to file a pretrial motion for disclosure under Rule 25.03. We affirm the motion court's decision.

Movant was originally charged in Taney County with assault in the first degree and armed criminal action involving the shooting of Joshua White on March 4, 2002. Subsequently, White succumbed to his injuries and died. Thereafter, the Taney County prosecutor filed an Information charging Movant with murder in the first degree and armed criminal action in Taney County in a separate case. The prosecuting attorney dismissed the original assault and armed criminal action case in circuit court. After a change of venue the murder case was re-designated as a Christian County case. Movant was offered a plea

1. All rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000, unless otherwise specified.

bargain by the State whereby he would plead guilty to murder in the second degree with a range of punishment of twenty-two to thirty years, and armed criminal action with a range of punishment of fifteen to twenty years. This offer was held open for seven days. Movant declined the plea bargain and chose to proceed to trial. Defense counsel had filed a motion for disclosure on the original assault case and claimed at trial to have filed a discovery request which would have prompted production of a trigger-pull test conducted by the Missouri State Highway Patrol Laboratory. The trial court gave the defense an opportunity to talk with the witness and review his findings. The court also accepted as true the defense's statement that the trigger-pull test was not produced by the State. The State noted to the court, however, that the trigger-pull test was included in the witness' field notes and was not produced to the State as a report in advance of trial. Thus, the State produced to the defense all reports within its possession prior to trial.

Movant was convicted by a jury of murder in the first degree under section 565.020, and was sentenced to a term of life without the possibility of probation or parole in the custody of the Missouri Department of Corrections. Movant appealed and this Court affirmed Movant's conviction. *State v. Bescher*, 247 S.W.3d 135, 144 (Mo.App. S.D.2008). The record on the original appeal did not contain a record of a request for disclosure and, accordingly, this Court found no error in the trial court's decision to admit the testimony regarding the trigger-pull test. *Id.* at 140. Movant timely filed a Rule 29.15 Motion to Vacate, Set Aside, or Correct Judgment and Sentence, which was subsequently denied.

Movant claims plea counsel failed to file a pretrial motion for disclosure under Rule 25.03 and that, due to counsel's error, the

State did not disclose "the findings of Todd Garrison, criminologist with the Missouri State Highway Patrol Laboratory in Jefferson City, Missouri, who conducted a trigger-pull test on the alleged handgun ... used to shoot Josh White." Movant argues that he was prejudiced by the trigger-pull test, which revealed that the trigger-pull was between 10.5 and 11.5 pounds, making it less likely that the gun went off accidentally, and "leaving Movant's theory of defense less plausible." Thus, Movant's point alleges he was prejudiced because, "[I]f a motion for disclosure had been filed, the undisclosed information would not have been allowed into evidence, or if the results of the trigger[-]pull test had been disclosed to the defense pursuant to such a motion, it would have affected the defense strategy leading up to and during trial, including whether to accept the [S]tate's plea offer."

Appellate review of a denial of a post-conviction motion under Rule 29.15 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The motion court's findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite impression a mistake has been made. *Id.* With post-conviction claims, including ineffective assistance of counsel, the movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. Rule 29.15(i).

To establish a claim of ineffective assistance of counsel, Movant must show counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under the circumstances, and that Movant was prejudiced thereby; stated alternatively, but for coun-

sel's unprofessional conduct, a *reasonable probability* existed of a different result. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992); *Mallett v. State*, 769 S.W.2d 77, 82 (Mo. banc 1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. If Movant fails to satisfy one of the two prongs of the *Strickland* test, Movant's claim of ineffective assistance of counsel must fail. *Moore*, 827 S.W.2d at 216.

■ In the present case, Movant's claim of prejudice in the moving court was that his counsel failed to file a request of disclosure under Rule 25.03 to obtain the trigger-pull test and that

> if a motion for disclosure had been filed, the undisclosed information would not have been allowed into evidence, or if the results of the trigger-pull test had been disclosed to the defense pursuant to such a motion, it would have affected the defense strategy leading up to and during trial ... [and] a reasonable probability exists that the outcome of [Movant's] trial would have been different.

We do not address Movant's claim of error because there is no prejudice to Movant. As stated in his direct appeal, this Court held:

> Here, the overwhelming weight of the evidence admitted at trial undermines Defendant's theory that the shooting was accidental.
>
> About a month before the shooting, Defendant told [employee] he was going to kill White for "snitching" on him. About five days before the shooting, Defendant purchased a stolen, and therefore untraceable, gun. Disinterested witnesses saw White approach [Mov-

ant's] car and have a conversation, with no argument occurring. When Defendant shot White, White was turning away. Defendant admitted at trial that he was angry with White and wanted to have a confrontation with him. Defendant shot White in the head from a distance of less than eighteen inches, which instantly severed White's spine, dropping him to the ground, where he started bleeding profusely. Defendant paused for a minute, then fled with squealing tires to the home of friends, who helped him get rid of the evidence against him. Defendant threatened to kill [employee] and her children if she ever became a witness against him. He cursed at the police when they asked him to come in for questioning, checked into a hotel room under someone else's name, tried to flee the state, and was finally tracked down and arrested. Ballistics testing conclusively proved that Defendant's gun fired the shot that killed White.

*Bescher*, 247 S.W.3d at 141. We likewise find no prejudice to Movant in his claim that if his counsel had filed a request of disclosure under Rule 25.03 to produce the trigger-pull test the trial outcome would have been different.[2]

■ Additionally, Movant contends, "had [he] known the results of the trigger[-]pull test, ... he would have accepted the State's offer ... rather than exercise his right to trial." Movant requests relief under Rule 29.15, claiming that he would not have gone to trial had he known the results of the trigger-pull test. We decline to review such a claim as not cognizable under Rule 29.15. As we noted in *Williams, Bryan,* and *Rowland,* Movant's constitutional right to effective assistance

---

**2.** We also note that Movant did not mention that the shooting was accidental in his opening statement or ask questions of any wit-

nesses that implied the shooting was accidental.

of counsel is premised upon and exists to provide protection of Movant's constitutionally guaranteed fundamental right to a fair trial. *Williams v. State,* 344 S.W.3d 878, 881–82 (Mo.App. S.D.2011) (en banc) (movant's allegation counsel was ineffective for failing to "fully explain ... the ramifications of accepting the offer of a plea of guilty" was held uncognizable "[b]ecause this claim is unrelated to the fairness of [movant]'s trial"); *Bryan v. State,* 134 S.W.3d 795, 801–03 (Mo.App. S.D.2004) (movant's claims of ineffective assistance of counsel for attorney's failure to adequately advise, thereby causing him to reject a plea offer from the State and go to trial was held uncognizable as no constitutionally-protected rights or liberties were implicated); and *Rowland v. State,* 129 S.W.3d 507, 510 (Mo.App. S.D.2004) (claim of ineffectiveness when counsel failed to advise movant on inapplicability of section 558.019 was without merit because movant's failed plea negotiations were not of constitutional significance). As in *Williams, Bryan,* and *Rowland,* because Movant's claim is unrelated to the fairness of his trial, we conclude that it is not cognizable in this Rule 29.15 proceeding. The point is denied.

The judgment is affirmed.

BURRELL, P.J., and LYNCH, J., concur.