

# Missouri Court of Appeals

## Southern District

In Division

MARK D. O'BRIEN,                    )
                                    )
        Appellant,                  )       No. SD37779
                                    )
v.                                  )       **Filed:  July 25, 2023**
                                    )
STATE OF MISSOURI,                  )
                                    )
        Respondent.                 )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**<u>AFFIRMED</u>**

Mark D. O'Brien appeals the motion court's denial of his Rule 29.15 motion for post-conviction relief seeking to set aside his convictions of six counts of first-degree statutory sodomy and one count of child abuse.[1]  In a single point, O'Brien claims trial counsel was ineffective because trial counsel failed "to discuss in detail what conduct [O'Brien] was willing and not willing to plead guilty to" and had trial counsel "acted reasonably" and discussed this with O'Brien, "[trial counsel] would have made a counteroffer as a plea [which] would have exposed [O'Brien] to significantly less punishment than going to trial."  Finding no merit in O'Brien's argument, we affirm.

---

[1] All rule references are to Missouri Court Rules (2016).

## Background

O'Brien was charged with 11 criminal offenses committed against four different children, for events that occurred while he was the children's foster father.[2] Following a bench trial, he was found guilty of six counts of statutory sodomy and one count of child abuse, and was sentenced, in total, to a term of life imprisonment plus twenty-five years. O'Brien appealed to this Court, which affirmed his convictions. *See State v. O'Brien*, SD33721 April 20, 2016.

O'Brien timely filed a *pro se* and amended motion for post-conviction relief.[3] O'Brien's amended motion alleged trial counsel was ineffective for failing "to discuss with [O'Brien] specifically what facts he could and would admit as true" and that if trial counsel had done so, "an acceptable counter offer could have been reached with the state to avoid a trial which would have resulted in [O'Brien] entering a plea of guilty and receiving a combined total of 20 years." Specifically, O'Brien claims he would have been willing to admit to facts that supported four of the counts, which would have given the State "the same sentence structure as they were seeking" and the State would have accepted the hypothetical counteroffer.

At the evidentiary hearing, trial counsel testified he had "extensive" discussions with O'Brien about the State's plea offers. Trial counsel explained that he "went over everything in copious detail" with O'Brien and O'Brien told him he did not want to plead guilty to anything that was not true. The two had multiple discussions about what the State's evidence was and about O'Brien's concerns about individual counts or facts. "There were things off and on that [O'Brien] would agree that he did, but it was trumped at the end when he said he wanted to go to trial." "[T]here [were] discussions where [O'Brien] thought he might plead to one thing or plead to another or he -- maybe he didn't touch the victim's penis but he got close to touching the penis." O'Brien "had different things that he was interested in pleading to which, in the final

---

[2] Two counts involving one of the children and two counts alleging possession of child pornography were severed.

[3] We have independently verified the timeliness of O'Brien's motions. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

analysis, didn't make any difference because we went to trial." Ultimately, O'Brien "said he was not guilty" and he wanted a trial. "[H]e ripped up the plea agreement outside the courtroom" and "threw it in the trash can in the presence of his family at 1 o'clock on the day of the trial." Even when O'Brien's family urged him to take the State's plea offer, O'Brien still wanted a trial. Trial counsel also explained that the prosecutor "was not open to some of our offers[.]"

O'Brien testified that the only conversation he had with trial counsel regarding the plea negotiations happened on the morning of trial. He claimed that prior to that, he was unaware of what the State was willing to offer. O'Brien claimed he did not initially discuss the idea of pleading guilty because he "was still maintaining [his] innocence."

The motion court denied O'Brien's motion. In its judgment, the motion court found O'Brien's claim did not implicate a constitutionally protected interest because his claim stemmed from plea bargaining, which is not of constitutional significance, and that trial counsel was not incompetent. The motion court also found trial counsel had extensive plea discussions with O'Brien, that O'Brien expressed a desire to maintain his innocence, and that O'Brien failed to adduce any evidence the prosecutor would have accepted his hypothetical counteroffer.

## Standard of Review

> This Court reviews a motion court's judgment denying postconviction relief to determine whether its findings and conclusions are clearly erroneous. Rule 29.15(k); *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014). A judgment is clearly erroneous only if this Court is "left with a definite and firm impression that a mistake has been made." *Id.* The movant has the burden of proving all allegations by a preponderance of the evidence. *Id.*

*Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018).

## Analysis

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney rendering similar services under similar circumstances (performance prong); and (2) that the movant was prejudiced as a result of counsel's failure

(prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). To satisfy the performance prong, a movant must overcome the strong presumption that counsel's conduct was reasonable by pointing to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Hoeber v. State*, 488 S.W.3d 648, 655 (Mo. banc 2016) (quoting *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013)). To satisfy the prejudice prong, a movant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Dorsey v. State*, 448 S.W.3d 276, 287 (Mo. banc 2014)). "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other[,] and his claim of ineffective assistance of counsel must fail." *Anderson v. State*, 66 S.W.3d 770, 775 (Mo. App. W.D. 2002).

O'Brien's claim fails for multiple reasons. First, there is no constitutional right to a plea bargain or to a plea agreement. *Greer v. State*, 637 S.W.3d 472, 476 (Mo. App. E.D. 2021). "Unless and until a plea agreement is reached and embodied in the judgment of a court, nothing has occurred that is of constitutional significance." *Rowland v. State*, 129 S.W.3d 507, 510 (Mo. App. S.D. 2004).

There are only two narrow instances of ineffective counsel in the context of plea bargaining: (1) failing to communicate an existing offer to a defendant; and (2) providing bad advice about an existing offer. *Arnold v. State*, 509 S.W.3d 108, 114 (Mo. App. E.D. 2016). O'Brien does not allege that trial counsel failed to communicate an existing plea offer to him. Nor does he complain that trial counsel provided bad advice about an existing offer. Rather, his complaint is that trial counsel failed to discuss and propose a hypothetical counteroffer to the State's plea offer. This is not a valid claim under Rule 29.15.

4

Second, O'Brien has ignored our standard of review, which requires us to view the evidence in the light most favorable to the motion court's judgment. **Tucker v. State**, 633 S.W.3d 539, 541 (Mo. App. S.D. 2021). We defer to the motion court's credibility findings, and accept as true all evidence and inferences that support the judgment and disregard evidence and inferences that are contrary to the judgment. **Cross v. State**, 454 S.W.3d 365, 369 (Mo. App. S.D. 2015). Rather than reciting the evidence in the light most favorable to the judgment, O'Brien emphasizes his self-serving testimony that trial counsel never discussed with him what conduct he was willing to plead guilty to and claims he would have pleaded guilty to the hypothetical counteroffer. This argument ignores the evidence favorable to the judgment, which included testimony by trial counsel that he *did* extensively discuss the plea offer with O'Brien, including that O'Brien might plead guilty to certain counts but not others. It also ignores trial counsel's testimony that, ultimately, O'Brien refused to accept the offer and chose to go to trial.

Finally, O'Brien fails to meet his burden of demonstrating prejudice. The motion court found:

> [t]he speculative plea offer . . . was never actually communicated by either side and there is no indication that [the State] would have accepted this counter plea offer. To the contrary, [O'Brien's] own trial counsel testified that [the State] had been "difficult" and "hard to work with." . . . [O'Brien's] claims about this potential counter plea agreement are purely speculative because no such counter plea offer was ever created and there is no indication that [the State] would have accepted that agreement.

O'Brien presented no evidence that the State would have accepted the hypothetical counteroffer. "Mere conclusory speculations of prejudice by [m]ovant are not considered substantive evidence of counsel's ineffectiveness." **Coleman v. State**, 640 S.W.3d 159, 167 (Mo. App. E.D. 2022) (quoting **Payne v. State**, 509 S.W.3d 830, 839-40 (Mo. App. W.D. 2016)).

For these reasons, O'Brien's point is denied.

5

## Conclusion

The motion court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS